IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LARRY GADDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-4336-CV-C-ODS |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION GRANTING
## DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

In April 2005, an Administrative Law Judge ("ALJ") ordered the Commissioner of Social Security to pay Plaintiff past due Supplemental Security Income ("SSI") Benefits. Two checks were issued in August 2005 for $6,948.00 and $4,893.67. Plaintiff does not (and did not) challenge the ALJ's decision regarding his entitlement to benefits or the amounts to which he is due.

Plaintiff was incarcerated in the State of Missouri when the checks were issued. The State instituted proceedings in state court under the Missouri Incarceration Reimbursement Act, seeking to recover the SSI Benefits. The State requested, and the state court ordered, the Inmate Treasurer be appointed receiver for the SSI Benefits and preserve the money pending further order of the state court.[1] On May 15, 2006, the State dismissed the case, apparently after realizing federal law precludes the State from attaching the benefits in the manner it attempted.

Meanwhile, on October 14, 2005, Plaintiff instituted this suit by filing his Motion for Leave to Proceed In Forma Pauperis. He alleged the checks were stolen and his signature forged and incorporated by reference the filings in the state case, both those made in state court and those filed while the case was briefly in federal court. In a

---

[1]Plaintiff removed the case to federal court, but it was remanded by the Honorable Scott O. Wright on April 24, 2006.

document filed August 10, 2006, Plaintiff indicates the funds still had not been deposited in his account. For relief, he requested Defendant re-issue the checks, investigate the alleged crime and prosecute the perpetrator(s). He also requests appointment of counsel to represent his interests in the investigation.

The Commissioner asked that this case be dismissed, contending the Court lacks jurisdiction and Plaintiff has failed to state a claim for which relief can be granted. On September 6, 2006, the Court issued an Order that dismissed Plaintiff's request for an Order requiring the Government to conduct a criminal investigation and prosecution and deferred consideration about the viability of Plaintiff's claim for payment pending receipt of additional information. Specifically, the Commissioner was directed to determine the fate of the checks – and the funds they represented – sent to Plaintiff.

Information now provided by the Commissioner reveals that the funds are in Plaintiff's inmate account. This demonstrates the Commissioner fulfilled its obligation, and any claim Plaintiff may have had against the Commissioner is now moot. Assuming, without deciding, that the State of Missouri has somehow interfered with Plaintiff's access to his funds, Plaintiff's dispute is with the State of Missouri and not the Commissioner of Social Security.

This case is moot and the Court lacks jurisdiction; the Motion to Dismiss (Doc. # 11) is granted.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: November 21, 2006  UNITED STATES DISTRICT COURT